# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID HATCHIGIAN**, et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | NO. 21-4643-KSM |
| **MATTHEWS PAOLI FORD**, et al., | |
| Defendants. | |

## ORDER

**AND NOW** this 27th day of January, 2022, upon consideration of Defendants' Motions to Dismiss Plaintiffs' Complaint (Doc. Nos. 8 & 12) and Plaintiff's opposition brief (Doc. No. 13), and following a preliminary pretrial conference with counsel on January 25, 2021, the Court finds as follows:

1. Defendants seek dismissal of Plaintiffs' claims under the Magnuson-Moss Warranty Act, 21 U.S.C. § 2301 (Count IV). (Doc. No. 8 at pp. 7–8.) They argue that claims may be brought under the Act only if the amount in controversy is more than $50,000, and here, the allegations in the complaint show that the amount in controversy is $232. (*Id.*) Plaintiffs respond that their "good-faith allegation of damages controls" the amount in controversy inquiry. (Doc. No. 13 at ¶¶ 12–13.)

2. To state a cognizable claim under the Magnuson-Moss Warranty Act, the amount in controversy of all claims asserted under the Act must equal or exceed $50,000. 15 U.S.C. § 2310(d)(3)(B). A plaintiff's assertion of the amount in controversy will control if it is made in good faith, and it must "appear to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir.

1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). Under this standard, "dismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met." *Id.* (quoting *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995)).  Here, the complaint ends with a request for $75,000 in damages.  (*See* Doc. No. 1 at ¶ 86.)  However, it is clear from the face of the complaint that Plaintiffs' federal claim is based on Defendants' failure to reimburse labor costs totaling $232. (*See, e.g.*, Doc. No. 1 at ¶ 12.)  Because $232 falls well below the statutory minimum, we dismiss Count IV of Plaintiffs' complaint.[1]

3.  Having dismissed Plaintiffs' only federal claim, we decline to exercise supplemental jurisdiction over the remaining state law claims.[2]

---

[1] Plaintiffs also argue that Defendants consented to this case being filed in federal court, pointing to a filing by Ford Motor Company in a different matter, consenting to removal of that matter from state court to federal court.  (*See* Doc. No. 1-1 at p. 33.)  This argument fails for two reasons.  First, a defendant cannot consent to the Court's subject matter jurisdiction.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court.  Thus, consent of the parties is irrelevant . . . .").  Second, even if it could, consent to removal in one case does not amount to consent to have a completely separate case proceed in federal court.

[2] The Court lacks diversity jurisdiction over these counts because Plaintiffs are not diverse from every Defendant.  *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant."). The complaint alleges that Plaintiffs are citizens of Pennsylvania and Defendant Matthew Paoli Ford is also a citizen of Pennsylvania.  (*See* Doc. No. 1 at p. 2.)  In addition, for the reasons discussed above, we find to a legal certainty that Plaintiffs' cannot satisfy the amount in controversy for diversity jurisdiction.

For those reasons, it is **ORDERED** that the motions to dismiss are **GRANTED.**[3] This matter is **DISMISSED**, and the Clerk of Court shall mark this matter **CLOSED.**

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

KAREN SPENCER MARSTON, J.

---

[3] Defendants also argue that dismissal is warranted because Plaintiffs improperly served Defendant Ford Motor Company and because all of Plaintiffs' claims are precluded under the doctrine of res judicata. (Doc. No. 8 at pp. 4–9; Doc. No. 12.) Ford Motor Company withdrew its improper service argument during the Court's January 25, 2022 preliminary pretrial conference. The Court declines to rule on Defendants' *res judicata* arguments.